## STILL et al. v. SAUNDERS et al.

8  281
f129 519

Chancery cases come before this Court upon the pleadings, testimony, and decree, and we must look to the whole record, and see if there is any error in the final decree.

The verdict of a jury in a chancery case is only advisory to the Chancellor, or this Court.

Where husband and wife execute a conveyance of their homestead, which the husband delivers to the purchaser, before the purchase-money therefor is paid, which is afterwards fraudulently attached, in a suit brought by the real, though not the ostensible purchaser, against the husband alone: *Held*, that equity will compel a cancellation of the deed so obtained.

APPEAL from the Superior Court of the City of San Francisco.

One of the defendants in this case, A. L. Teschiera, having purchased certain premises, in the city of San Francisco, from John H. Still, and afterwards having discovered that Still's wife set up a claim of homestead therein, attempted to purchase her interest therein, without success. A second negotiation was opened, by one Charles R. Saunders, ostensibly in his own name, but in fact for Teschiera, who agreed to furnish the money, and did do so. Saunders, Still, and wife, finally agreed upon the sum of one thousand dollars. Still and wife executed and acknowledged the deed for the premises, which the former took to the office of Saunders, expecting to receive the money therefor.

After Still had parted with the possession of the deed, which was immediately sent to the recorder's office, for record, and while Saunders was counting out the money, the sheriff, who was in an adjoining room, according to an agreement between Saunders and one Mastick, the attorney of Teschiera, walked in and attached the money in Saunders' hands, in a certain suit of Teschiera v. John H. Still. Judgment having been obtained in this action, Saunders paid over to the sheriff the sum of nine hundred and fifty dollars, having paid the remainder, fifty dollars, to a creditor of John H. Still, according to an agreement made about the time of the sale. Saunders, before the commencement of this suit, conveyed the premises to Teschiera. This action was brought by Still and wife, for the purpose of having the deed to Saunders canceled. The case was tried before a jury. On the trial the Court admitted evidence under the exception of defendants' counsel, for the reason that it was irrelevant, and also delivered certain instructions to the jury, to which the defendants objected. The jury found a general verdict for the plaintiffs, on which the Court rendered a decree in favor of plaintiffs, declaring the deed to Saunders void.

Defendants moved for a new trial, which being denied, they appealed.

*E. B. Mastick* for Appellants.

The Court erred in permitting the plaintiffs to prove by J. H. Frisby a conversation between him, John H. Still, and Burgess, in relation to Mrs. Still's executing the deed. Neither of the defendants were present, and a conversation between third persons was clearly inadmissible.    2 Cal. Rep., 145.

It cannot be claimed the evidence was immaterial.    It tended to prove the allegation in the complaint that the premises were claimed and were a homestead, accompanied with the opinion of the notary that the conveyance was not good unless executed by Mrs. Still; it also tended to show that Jane N. Still was then married to John H. Still, and is the only evidence showing that fact.    Unless she had some interest in the premises, she could not claim the relief.    The evidence was in support of the complaint, and material, and calculated to influence the jury in their verdict, and is a good ground for setting aside the verdict.

A verdict will be set aside for the admission of irrelevant evidence.    Dresser *v.* Ainsworth, 9 Barb. Rep., 619.

Nor is there any evidence of fraud.

The fact that Saunders agreed to give one thousand dollars for the premises, and that the money was attached, is no evidence of fraud.

In what does the fraud consist?

It cannot be in the fact that Saunders did not pay over the money to Still.    His failure to pay in accordance with his agreement does not constitute fraud.    He swears he intended to pay, and he was in the act of paying when the attachment was served.

If the payment to the sheriff did not operate as a payment to the plaintiffs, it is no ground for setting aside the deed as fraudulent.

It is not alleged that he is insolvent and unable to pay, and if he was, the vendor's lien attached and could be enforced against Saunders and the defendant Teschiera, if he had notice and participated in the fraud.

There is no allegation in the complaint, or any evidence given showing that the plaintiff was induced by fraud to sell for the price of one thousand dollars, but, on the contrary, it seems that was all he asked.

Nor does the evidence show that Saunders obtained the deed unfairly, but the same was voluntarily delivered to him, and the plaintiff never even requested a return thereof after the money was attached.    He should have given immediate notice that he would not be bound.    Alexander *v.* Utley, 7 Iredell Eq., 242.

There is no evidence to show that the defendant Teschiera had anything to do with the purchase, or in any way participated in the proceedings.    "Fraud only gives a right to avoid a contract, the property vests till avoided, and all these mesne dispositions to persons not parties to or not cognizant of the fraud, are valid." Stevenson *v.* Newnham, 16 Law & Eq., 401.    To set aside a con-

veyance for fraud, the evidence should be clear and distinct. Buck *v.* Sherman, 2 Doug. Mich. Rep., 176; Stine *v.* Skerke, 1 Watts & Serg., 195.

It cannot be presumed, it must be proved. Story's Equity, § 190; Duval *v.* Coal, 1 Maryland Ch. Decis., 168; Matoon *v.* Elder, 6 Cal., 110.

There must not only have been fraud, but the plaintiffs must have been injured, and suffered damage. "Fraud without damage, or damage without fraud," says Coke, J., 3 Bulstrode's Rep., 95, "gives no cause of action, but the two must concur and meet together." Jones *v.* Reyburn, 6 Eng. T. R., 378; Cunningham *v.* Vaply, 7 ib., 296; Pratt *v.* Philbrook, 33 Maine, (3 Red.,) 17; 2 Kent Com., 490.

Saunders actually paid to Still fifty dollars, and before he could have any relief, or abandon the contract, he was bound to tender the defendant back the money by him so paid, and put him in the same position as before the execution of the deed. Jackson *v.* Norton, Cal. Decis., April Term, 1856, p. 187; Miller *v.* Cotton, 5 Geo. R., 341; Masson *v.* Bovet, 1 Denio R., 69; Van Epps, *v.* Harrison, 5 Hill R., 63; Mumford *v.* Amer. Life Ins. Co., 4 Comstock, 463, 482.

And he was bound to tender back and rescind without delay. Here it appears Still never asked or requested the defendant to rescind, or offered to pay back the money, or done any thing until two months after the delivery of the deed, when this action was brought.

The charge of the Court was erroneous.

The question of homestead was material; without that allegation in the complaint, there was nothing to show that Jane N. Still had any interest, or was entitled to any relief, or could be joined as a party in the action.

It was a necessary allegation in the complaint, without which the complaint would have been demurrable; and it must be proved.

The property was alleged to be John H. Still's, and unless a homestead, how could Mrs. Still be made a party, or in any way be interested? She could have no interest—could not be prejudiced—could not maintain an action, and a recovery could not be had in her favor.

Jane N. Still might believe she was to get one thousand dollars, and that without any pretence of a fraud having been committed. Her belief did not constitute the fraud, and had nothing to do with it. "Fraud, in a judicial proceeding, can never be predicated on a mere emotion of the mind." The People *v.* Cook, 4 Seld. R., 67, 69. The defendant never saw her; there is no evidence that she made any argument, or even knew that one thousand dollars was to be paid—nor is there any evidence

that she was to receive the one thousand dollars, or any other sum of money.

The verdict does not authorize the entry of the judgment. Where equitable relief is demanded, a trial should be had by the Court, or the jury directed to find the facts, or a special verdict.

*Saunders & Hepburn* for Respondents.

Whether the land was homestead, or not, would seem to be immaterial, in an application of this kind, which is to regain what the defendants have got from us by fraud, and to which we are entitled, whether the subject of the conveyance be, abstractly, valuable or not. Mrs. Still is not now asserting her claim of homestead, so as to be put to proof of her title. She is demanding to be reinstated, simply, in her former relation to this property. So far as these defendants, and the deeds from her to Saunders, and from Saunders to Teschiera, are concerned, the application is not that she may realize her claim now, but that void deeds may be rescinded of record, in order that she may hereafter assert her claim if she chooses to do so, disembarrassed of the operation, at law, or otherwise, of her act fraudulently obtained. See 2 Story's Equity, §§ 699, 700.

If a vendor of land in fee-simple seeks to set aside his conveyance for fraud, it would hardly be permitted a fraudulent vendee to attack the title and put the vendor to formal deraignment of his title, and proof of it. The case at bar is identical in principle.

The evidence of J. H. Frisby, was competent to disprove fraudulent concealment of the fact of marriage, by showing an express assertion of it at the time of the original conveyance by John H. Still to Burgess. It was evidently introduced for this purpose and not to prove the facts of marriage and homestead, the former having been expressly admitted by the answers, and the latter proved by the testimony of Buckelew and Mastick.

If the evidence is therefore objectionable, it is because it was immaterial as merely proving the fairness of Mrs. Still, which, so far as her rights are concerned is, or may be, immaterial. But the unnecessary attempt of a party to overcome a supposed imputation of unfairness can hardly be regarded as a reason for setting aside a verdict, in the presence of other sufficient evidence in the cause to justify the finding and the judgment.

The objection is purely technical, and there can be no pretence that the result was, or could have been, substantially affected by the admmission or rejection of the evidence. (See Kilburn *v.* Ritchie, 2 Cal., 145, Clayton *v*, West, ib., 381.)

The appellants have sought to show that they had no dealings in the premises, with Mrs. Still, or with her husband, as her agent, and, as they could not, therefore, have promised the thousand dollars to her expressly, she has no cause of action.

The practical result of this scheme was to effect circuitously what the Homestead Act was especially intended to guard against, and that is, the subjecting the homestead to the liabilities of the husband without the assent of the wife.

By false pretence of benefit to the wife they have procured her assent and execution of the deed, and, in pursuance of an opposite and fraudulent scheme and intent, they have subjected the property to the liability of the husband. In fact, the wife never has delivered this deed. Her assent to the delivery was upon payment of the price, and the evidence shows that the defendant Saunders, procured the custody and record of the deed without complying with the terms of the bargain, and without having seriously intended to do so for an instant.

The rule " fraud and damage must concur to give a cause of action," may be assumed to be absolutely correct for the purposes of this inquiry, and yet not affect the plaintiff's claim injuriously. In most cases to which it is particularly applicable, actual pecuniary and extraordinary damage is sought to be compensated in actions for that purpose—as for instance, a tradesman trusting a purchaser upon fraudulent representations of solvency by a third person. In such a case, unless damage ensues, there would be nothing but an abstract and resultless immorality to be compensated.

In the case at bar, the act itself is the measure of the damage, or, rather, is the very damage. It is not (like the cases to which the rule is ordinarily applied) a claim of collateral and independent damage—the existence of which, and its connection with the asserted fraud as the result of it, must necessarily be proved.

Here there is nothing to prove but the fraud, and the act or conveyance which it infects is necessarily avoided, and the interposition of the Court, in equity, is to clear the title of the vendor, whoever it may be, by rescinding the fraudulent conveyance and reinstating him in his former asserted relations to the property.

In reply to the observation, that we are seeking equity, and must submit to the obligations of performing it ourselves, we refer to the case of Selover *v.* The American Russian Commercial Company, decided at January term of this Court, where the peremptory rule was established, that a marrried woman is not relieved of her common law incapacities in this State, and that in the disposition of her rights and property, the letter of the statute must be complied with. Her alienations are, and can only be, statutory, and the case at bar is a much less inviting one than the other, to deviate from the inflexible rules of law governing the disposition of their rights by married women. Besides, it is distinctly proved by the evidence of Frisby, that the claim of the wife was distinctly discussed at the execution of the first deed from John H. Still to Burgess, and, and that Bur-

gess distinctly assumed the risk of the outstanding claim of the wife.

The judgment in the cause seems to us exactly responsive to the pleadings, and consonant with law and the evidence.

BURNETT, J., delivered the opinion of the Court—TERRY, C. J., concurring.

The plaintiff, John H. Still, owned certain premises, which he conveyed by deed on the thirteenth of November, 1853, to one Burgess, and Burgess, on the thirteenth day of November, 1853, conveyed the same to the defendant Teschiera. At the time the deed was made to Burgess, Still was a married man, and he and his wife boarded and lodged on the premises with a tenant, to whom they were rented. On the thirteenth day of November, 1854, Still and wife conveyed the premises by a joint-deed to defendant Saunders, who afterwards conveyed to Teschiera. After the delivery of the deed, and while Saunders was about to commence counting out the purchase-money, (except fifty dollars agreed to be pay by Saunders to another person by direction of Still,) the same was attached by the sheriff under an attachment at the suit of Teschiera v. Still. Still and wife then brought this suit to cancel the deed to Saunders, and also the deed from him to Teschiera.

They allege that the deed from them to Saunders was obtained by a fraudulent device; that they had the right of homestead, and that Teschiera was cognizant of, and aided in, the fraud. The case was tried before a jury, who found generally for the plaintiffs; judgment was given for them, and the defendants appealed.

The defendants objected in the Court below to the introduction of certain testimony, and to the giving of certain instructions. The trial was had before a jury, upon the issues generally, and not upon special issues.

In the case of Smith v. Rowe, (4 Cal. R., 6,) it was decided that in a chancery case the Court had the right to direct special issues of material facts to be framed and submitted to a jury, although objection was made by one of the parties. It has been repeatedly held that in chancery cases the parties were not entitled to a jury. Walker v. Sedgwick, 5 Cal. R., 192.

In the same case it was held that this Court had to examine the facts, and is not concluded by the findings of the Chancellor. In the case of Gray v. Eaton, (5 Cal. R., 448,) it was held that the granting of a new trial is entirely discretionary with the Chancellor, and his action is not revisable.

This being a chancery case it would seem legitimately to follow from the principles settled by former decisions, that the alleged errors of the Court below in admitting improper testimony, and in giving improper instructions to the jury, cannot be

revised in this Court.   The case comes before us upon the plead-ings, testimony, and decree, and we must look into the whole record, and see if there be any error in the final decree rendered by the Chancellor.   As the verdict of the jury was but advisory, and not conclusive upon the Chancellor, or upon this Court, the improper testimony and the erroneous instructions, can do the party no injury, if justice has been rendered him in the final result.   And whether justice has been correctly administered or not, will depend entirely upon the facts as admitted and proved, and not at all upon the verdict of the jury.

Taking this view of the case, it will not be proper or necessary to consider the errors assigned in reference to the admission of improper testimony, the giving of improper instructions, or the refusal to grant a new trial.

The only error assigned that would seem material to the case is, that the plaintiffs, before bringing the suit, did not offer to return the fifty dollars paid to Still by Saunders, and demand a reconveyance of the property.   This objection is met by the counsel of plaintiffs, by assuming that the payment to Still was not authorized by Mrs. Still, and was, therefore, a matter of per-sonal trust—Still being individually liable to the defendants for a return of the money.   But this answer seems to be entirely insufficient.   The possession of the deed by the husband, already executed and acknowledged by both husband and wife, was *prima facie* evidence of his authority to receive the purchase-money. Besides this, the complaint alleges that " the said John H. Still, at the request of his said wife, took said deed for the purpose of delivering the same to the said Saunders, and receiving the money which she had been promised."

But there is nothing in the testimony to show that the fifty dollars were paid before, or at the time, the deed was made.   It appears that John H. Still was indebted to another person, and that it was agreed between him and defendant Saunders, that the latter should pay this debt, and that this payment should constitute a portion of the purchase-money.   It lay upon the defendant to show when and how this payment was made.   But it would seem clear from the *testimony*, that it was made after the delivery of the deed, and the fraudulent attachment of the purchase-money.   The debt not having been paid at the time the deed was delivered, and the money fraudulently attached, any payment afterwards made by Saunders to a creditor of Still's, was made in his own wrong, and as a voluntary payment.

Taking all the testimony together, it was a clear case of fraud, and the judgment of the Court below is, therefore, affirmed.