Duff *v.* Fisher.

---

## DUFF *v.* FISHER *et al.*

THE findings of the jury on issues submitted to them in an equity case, if not objected to by motion for new trial, or if not set aside by the Court on its own motion, become established facts in the case, and cannot be questioned in the Supreme Court for the first time.

The Practice Act applies as well to legal as equitable actions, so far as its provisions are consistent with the rights and remedies administered in Courts of

Equity. And the only way in which the verdict of a jury on issues submitted can be reviëwed, is by motion for new trial—except, probably, that the Court, whether sitting in equity or on the trial of a common law action, may, of its own motion, set aside the verdict of a jury when clearly and palpably against the evidence.

The old chancery rule on this subject stated.

*Walker* v. *Sedgwick* (5 Cal. 192) only decides that, under the Practice Act, the rule requiring the Court to find its conclusions of law and fact does not apply to equity cases, and does not conflict with our decision here. , But we doubt that case, and leave the question of overruling it open.

*Gray* v. *Eaton* (5 Cal. 448) overruled.

Though, on questions of practice, previous decisions are entitled to very great weight, still a single decision, made without notice of a statute, and in fact, setting aside the statute, cannot be invoked as authority on the principle of *stare decisis.*

*Dewey* v. *Bowman* (8 Cal. 145) and *Still* v. *Saunders* (Id. 281) commented on.

Whether equity will enforce the specific performance of a contract, depends, not upon the character of the property involved, as whether it be real or personal, but upon the inadequate remedy afforded by a recovery of damages in an action at law.

In suit by a vendee for specific performance of a contract of sale, the averment of tender of payment was in general terms—as that the tender had been repeatedly made, and that the plaintiff has been at all times, and still is ready and willing to pay; *Held*, that the tender should have been stated with greater particularity as to time, but that the objection, in this respect, cannot be taken for the first time in the Supreme Court.

APPEAL from the Eighth District.

Suit for specific performance of a contract for the sale of real and personal property, to wit: a mill and mill-site, and a steam tug. Plaintiff had judgment. Defendants appeal.

*Heydenfeldt,* for Appellants.

I.   The contract was for the transfer to plaintiff of an interest in a chose in action held by Fisher. There is no authority for specific performance of such a contract.

II.   There is no sufficient averment of tender of payment, and tender or full performance by the party complaining, is a condition to a decree of specific performance. (2 Greenl. Ev. sec. 600 et seq.; *Goodale* v. *West,* 5 Cal. 339 ; *Green* v. *Covillaud,* 10 Id. 317 ; *Greenup* v. *Strong,* 1 Bibb. 590 ; *Turner* v. *Clay,* 3 Id. 52 ; *Brown* v. *Covillaud,* 6 Cal. 566.)

This is an action in equity, and although the Court, sitting as a

Duff *v.* Fisher.

Chancellor, had the power and the right to hear and determine the whole case, yet called in the aid of a jury, to advise as to the truth of the matters contested by the parties.

This reference to a jury was entirely the act of the Court. Neither of the parties could demand a jury—neither could the parties object to a jury. (*Smith* v. *Rowe,* 4 Cal. 6 ; *Walker* v. *Sedgwick,* 5 Id. 192 ; quoted in *Still* v. *Saunders,* 8 Id. 286.)

But the jury being called, their findings do not bind the Court as a verdict at common law. The findings of a jury are not conclusive ; they are but advisory, and are adopted by the Chancellor only so far as they may be conformable to his own more enlightened and comprehensive judgment. (*Walker* v. *Sedgwick,* 5 Cal. 192.)

The jury in an equity case is the mere creature of the Court, and not, as at law, a part, and within its province, an independent part of the tribunal. And so the Chancellor may dismiss the jury and their findings ; and however he may choose to act, neither party can complain, and have his action reviewed, as in the case of a common law jury could be done. (*Gray* v. *Eaton,* 5 Cal. 448.)

No matter what improper testimony the Court may admit to the jury, and upon which their findings may be based, no appeal can be taken on that ground. (*Still* v. *Saunders,* 8 Cal. 287.) No matter what improper instructions may be given to the jury, and which may have misled the jury, no appeal can be taken on that ground. (*Still* v. *Saunders,* 8 Cal. 287.) The Supreme Court, upon an appeal, would not look at the findings. (S. C.) In ordinary cases, the Supreme Court can but inquire : " Has the Court pronounced the law correctly upon the facts found ? " but in equity cases, the Supreme Court reverses the decree if the testimony does not sustain it, without regard to the findings.

A Chancellor may ascertain facts in three ways : by his own inquiry —by far the best way ; by a Referee, or by a jury. (*Smith* v. *Rowe,* 4 Cal. 6.) That the Chancellor must examine the whole testimony for himself, and determine for himself, is apparent, because disputed facts are ascertained in equity upon a rule or principle entirely different from that which prevails at common law, and of which the jury can have no knowledge. The rule being, that the answer, when responsive, is evidence for the defendant, and plaintiff must overcome it by the counter evidence of two witnesses, or of one witness and strong

Duff *v.* Fisher.

circumstances in corroboration, otherwise it will prevail.   (Story's Eq. Plead. secs. 849, 875; 2 Story's Eq. Juris. sec. 1528.)

In our Courts, the rules and principles of equity practice remain unaltered.   (*Minturn* v. *Hayes,* 2 Cal. 590.)   The essential and inherent distinctions between law and equity, as two separate though connected sciences, is not abolished by the Practice Act.   (*Smith* v. *Rowe,* 4 Cal. 6.)   In every trial at common law, a motion may be made to the Court for a new trial, on the ground that the verdict is against the evidence, or is founded on insufficient evidence.   Such a motion, if not irregular, is unnecessary in equity.   (*Dewey* v. *Bowman,* 8 Cal. 148.)   The Supreme Court would not review the action of the Court below on such a motion.   (*Gray* v. *Eaton,* 5 Cal. 448.)   As to what is a good tender, 2 Greenl. Ev. sec. 600 *et seq.*

*J. A. McDougall and Geo. F. Sharp,* for Respondent.

I.   The statement on appeal being a mere transcript of the evidence before the jury upon the issues framed and submitted, and there being no motion for new trial, no objection to the findings, they are conclusive, and the statement cannot be considered.   In other words, in cases of issues in chancery submitted to a jury, the findings are only to be challenged by pursuing the provisions of the Practice Act as to new trials.   This was not done here, and hence, the Court cannot go beyond the judgment roll, and if the findings support the decree, it must stand. (2 Daniell's Ch. Pr. 1330–1365; 1 Barbour's Ch. Pr. 446–465; 3 Paige, 458; *Paul* v. *Paul,* 2 Hen. & Munf. 525; 2 Atkyns, 378; *Morris* v. *Davies,* 3 Russell, 318; Pr. Act, sec. 192 *et seq.; Cordier* v. *Schloss,* 12 Cal. 147; *Phelan* v. *Ruiz,* 14 Id.; *Ritter* v. *Stock,* 12 Id.; 13 Id. 434.)   The authorities cited from our own Reports do not touch the question here.

II.   The principles upon which Courts of Equity decree specific performance of contracts, do not rest on any distinction between realty and personalty, but because damages at law may not, in the particular case, afford a complete remedy.   (Freeman's Eq. Juris. 261, 274, 276.)

III.   The averment as to tender shows that it was made before suit, and if defective in not stating the time, it is too late now to take advantage of the defect for the first time.

FIELD, C. J. delivered the opinion of the Court— COPE, J. and BALDWIN, J. concurring.

This is a suit in equity, and when called for trial, issues involving the entire matters in controversy were framed by both parties, settled by the Court, and submitted without objection to a jury.   These issues were all found in favor of the plaintiff, and upon his motion the decree was rendered thereon.   No exception was taken to the findings, nor was any motion made to the Court to set them aside.   The statement on appeal is a mere transcript of the evidence addressed to the jury, and upon this evidence the appellants insist the case must be determined, irrespective of the findings.   The question is thus presented as to the effect to be given in an equity case to the findings of a jury, when they are received without objection.   The question is an important one of practice, but free, as we conceive, of any difficulty.

Under the old chancery system, the issues framed were sent to the Courts of law, and upon their trial, the course of proceedings was the same as that followed in ordinary trials at law, unless special directions were given upon the subject.   And the verdict or findings of the jury were certified to the Chancellor without evidence, which was not called for except upon express application, with a view to a motion for a new trial.   If the findings were not challenged by the party against whom they were rendered, or disregarded by the Chancellor upon his own view of the whole case before him, they stood as conceded facts.   The evidence upon such issues, taken before a different tribunal, formed, of course, no part of the record before the Chancellor.   If, however, the findings were objected to, the evidence was presented upon a statement prepared for that purpose, and brought before the Court on a motion for a new trial.   The evidence then became a part of the record, and the order made on the motion a subject of review on appeal.

When no motion was made, and the Chancellor rested satisfied with the verdict of the jury, the facts found were taken in the further consideration of the case as established and settled, and the decision followed in conformity therewith.   (2 Daniell's Ch. Plead. and Pr. 1301 ; 2 Smith's Ch. Pr. 74 ; Attorney General v. Montgomery, 2 Atkyns, 378.)

As the object of the issue and trial at law, according to the theory of equity proceedings, was to inform the conscience of the Court, it followed that the findings were not held conclusive or binding, but the Chancellor was at liberty to disregard them entirely, and proceed with the hearing of the case as though no issue had been framed, or to direct the matter to be tried anew before another jury.   This general discretion to disregard the findings may be qualified and controlled by statute,

"and in nearly all the States," observes the learned editor of the American edition of Adams' Equity, "it is at least very doubtful whether a verdict on an issue is not equally binding with that in a suit at law, and subject only to the same revisory power which is exercised in granting new trials in other cases." (Adams' Eq. 376, ed. 1855, note; 3 Green Ev. sec. 261 *et seq.*)

In this State, the statute provides the manner in which the verdict of a jury, upon an issue submitted to its decision, may be reviewed. It is only by a motion for a new trial. The Practice Act applies as well to equitable as to legal actions, so far as its provisions are consistent with the rights and remedies administered in Courts of Equity. It may be, and probably is true, that the Court, whether sitting in equity or on trial of a common law action, may, of its own motion, set aside the verdict of a jury when it is clearly and palpably against the evidence; but when the Court is satisfied with the verdict, the parties can only question its correctness by following the course pointed out by the statute. If that course be not taken, neither party can object to the finding in the appellate Court. As, in the case at bar, no objection was interposed to the findings of the jury, they must be taken as established facts to support the decree. The decision of this Court in *Walker* v. *Sedgwick*, (5 Cal. 192) to which reference is made by the appellants, does not controvert the conclusions to which we have arrived. That case was tried by the Judge, without a jury, and the question was, whether or not the Court erred in failing to find the facts and conclusions of law, and this Court held that the regulations of the statute requiring such findings in actions tried by the Court, did not apply to equity cases. We are not, at this late day, disposed to question the correctness of this decision. The one hundred and seventy-ninth section of the Practice Act provides the manner in which a jury may be waived, and the following section provides that upon the trial of an issue of fact by the Court, the decision shall be given in writing, and shall state the facts and the conclusions of law separately. Taking the two sections together, the conclusion was at least reasonable, that the latter section applied only to those actions where a trial by jury was a matter of right, and was waived, as provided in the previous section. The decision does not touch the question presented in the case at bar. In *Gray* v. *Eaton*, (5 Cal. 448) an appeal was taken from an order refusing a new trial upon issues framed in an equity suit, and the Court held that 'the application for the new trial was supererogatory, because the Judge had not decided

upon the verdict, and that if he had, it was a matter in his mere dis-
cretion to grant or refuse the application, which was not revisable. The
statute was, evidently, not called to the attention of the Court, and the
decision cannot, in consequence, be regarded as of any binding author-
ity. In *Dewey* v. *Bowman*, (8 Cal. 145) the case was tried without a
jury. In *Still* v. *Saunders*, (Id. 281) the question was upon testimony
admitted and instructions given to the jury, and the decision therein is
stated as the legitimate conclusion of the principles settled in the pre-
vious cases which we have cited. Of those cases, the only one which
justifies the decision is that of *Gray* v. *Eaton*, which, as we have
stated, was made without notice of the provisions of the statute.

It follows from the views we have expressed, that the findings of the
jury cannot for the first time be questioned in this Court, and that they
must, for the determination of the appeal, be taken as true. The case
is thus left to rest upon the judgment roll. The findings fully support
the decree, and the only objections, not founded upon the evidence, are
to the complaint; that it does not disclose a case for specific perform-
ance, and does not allege a sufficient tender. The contract related to
realty as well as personalty, and were it otherwise, the fact would not
oust the jurisdiction. The equity upon which the Court enforces a
specific performance of a contract, does not arise from the character of
the property involved, but from the inadequate remedy afforded by a
recovery of damages in an action at law. (Adams' Equity, 77.)

The tender of payment is alleged in general terms, and the point of
objection is its uncertainty as to time. It is alleged to have been
repeatedly made, which was of course before suit brought, and is accom-
panied with the averment that the plaintiff has at all times been, and
still is ready and willing to pay. The tender should have been stated
with greater particularity, but the objection cannot be taken for the first
time in this Court.

Judgment affirmed.

On petition for rehearing, the opinion of the Court was delivered by
FIELD, C. J.—COPE, J. concurring.

The counsel of the appellants has asked for a rehearing, and in his
petition has presented with great force considerations for adhering, on
questions of practice, to previous decisions. We concede the correct-
ness of his views, and had the attention of the Court been called to the
statute, when the decision in *Gray* v. *Eaton* was rendered, we should

feel constrained to follow, in all existing actions, the rule it expresses, however erroneous we might deem it. But the overlooking of the statute changes entirely the character of that decision, and takes from it all binding authority; and in point of fact, it has not been followed by the profession. Of numerous cases, which have since come before this Court, where issues have been framed and submitted to a jury, we are not aware of one in which a motion for a new trial was not made, provided objection was taken to the findings. The statute has been uniformly pursued in this matter. The present is the first instance, we believe, since the decision in *Gray* v. *Eaton*, in which the motion for a new trial has been omitted.

A single decision, made without notice of the statute, and which in fact sets the statute aside, cannot be invoked as authority, obedience to which we are bound to yield on the principle of *stare decisis.*

Aside from these considerations, we are satisfied that the plaintiff is entitled to an affirmance of the judgment on the merits, or at least, that the evidence is not so clearly against the findings as to justify interference with them under the ruling in *Ritter* v. *Stock et al.* (12 Cal).

There is one portion of the opinion, however, which should be changed—that which refers to the case of *Walker* v. *Sedgwick* (5 Cal. 192). In that case the Court held that the regulations of the statute requiring, when an issue of fact was tried by the Court, the decision to be given in writing, and the facts found and the conclusions of law to be stated, did not apply to equity suits. In our opinion, in the case at bar, we intimated a disposition to adhere to that decision, and we now modify our language as to leave the point open for further consideration. We have great reason to doubt the correctness of the decision, although we may be required to follow it, for the protection of the rights of parties in existing cases. The statute appears to us to apply to all cases, whether of legal or equitable cognizance, and the sooner we return to its simple rules, wherever there has been any departure, the sooner will the practice become uniform and settled.

Rehearing denied.