[No. 3883.]

ISAAC C. WINGATE v. BENJ. F. FERRIS.

COMPLAINT IN EQUITY.—A complaint which avers that the plaintiff's property was about to be sold on execution, and that the defendant agreed to bid it in as the agent of the plaintiff and pay for it with his own money, and hold it in trust for the plaintiff and allow the plaintiff to redeem it, and that the defendant, in violation of his trust, has sold the property and received a large sum of money, and that the property was worth a large sum more than the defendant paid for it, and asking for judgment for the damages sustained, contains such a statement of a cause of action as entitles the plaintiff to relief in equity.

TRIAL OF CASE IN EQUITY.—In a case in equity the facts should be found by the court, or specially by a jury under an order of the court.

IDEM.—In such case, if the issues are submitted generally to a jury, and a general verdict is rendered and a general judgment is entered thereon, the court has power to set aside the verdict and judgment on motion made for a new trial, but it is unnecessary to grant a new trial, for the court can find the facts upon the testimony already taken, or open the case and take further testimony, and then find the facts and render judgment.

APPEAL from the District Court, Third Judicial District, County of Alameda.

The plaintiff averred in his complaint that, on the 12th day of January, 1872, he owned the steamer Express, worth $10,000, and that it had been seized by the marshal under a process from the District Court of the United States, issued by virtue of a decree in equity for about $300, and was about to be sold to satisfy the decree, and that, at his request, the defendant agreed, as his agent, to attend the sale and bid in the property, and pay for it and hold it in trust for the plaintiff, and allow the plaintiff to redeem it by

paying him the sum bid and interest at one per cent. per month, and reasonable charges for his services. That in accordance with the agreement the plaintiff attended the sale and represented to others that he was bidding for the plaintiff, and by that means purchased the property for $1200. That the defendant, in violation of his agreement, and of the trust, had sold the property to one Wines, and that the plaintiff had sustained damages in the sum of $9027. Judgment was asked for that sum. The answer denied the material allegations of the complaint and alleged that the defendant sold to Wines for $2500. The cause was tried with a jury, the same as a case at law, and a general verdict rendered in favor of the plaintiff for $4939. Neither party objected to this form of trial, or asked for special findings. Judgment was rendered for the plaintiff for the sum named in the verdict. The defendant moved for a new trial. The bill of exceptions contained the testimony given on the trial. The court granted a new trial. The following extract from the opinion will show the reasons why the new trial was granted:

"The remedy of the plaintiff against the defendant is not in law (*Heyland* v. *Badger*, 35 Cal. 404), but in a court of equity (*Sandfross* v. *Jones*, Id. 481), and the remedy is to redeem the property if it is in the hands of the trustee, or to compel the trustee to account for it, if he has sold it to a *bona fide* subsequent purchaser without notice. (*Sandfross* v. *Jones*, Id.) Defendant, it appears, sold the property. No action has been brought to set aside the sale. Plaintiff, therefore, does not complain of the sale as against the vendee of his trustee. He complains of the conduct of his trustee, but has not availed himself of his remedy to compel him to account to him concerning the trust. Defendant himself could have given this litigation that direction, by filing a cross-complaint in equity, but neither has he chosen to do that. Both stand upon strict legal rights, and contest their claims by an action of trover in a court of law; and as strict matter of law, I think defendant is entitled to a new trial."

The plaintiff appealed from the order granting a new trial.

*Sullivan & Turner*, for the Appellant.

The complaint is sufficient, whether considered as a declaration at law or bill in equity.

The fact that the judgment prays for so much damages makes no difference ; the court, when there is an issue framed, is to give the relief to which, upon the case made, the plaintiff is entitled. It sets forth the grievances complained of in ordinary and concise language, and at the same time with sufficient fullness and particularity. (Pr. Act, Secs. 39, 147; Code Proc., Secs. 426, 580 ; *Lane* v. *Gluckauf*, 28 Cal. 294; *N. S. and S. C. Co.* v. *Kidd*, 37 Cal. 324.)

Even supposing, in this connection, that the court might have had the right to pass upon the issues in this case without the assistance of twelve men, how does this affect the judgment in the case? Is not the judgment the court's judgment? Did it not adopt the verdict of the jury as true, just as a chancellor, under the old system, had the right to do; and is it to be overturned because a jury assisted the court on the questions of fact?

*W. H. and J. R. Glascock*, for the Respondent.

Plaintiff's remedy was by an equitable action to redeem. (*Heyland* v. *Badger*, 35 Cal. 404; *Sandfross* v. *Jones*, 35 Cal. 487.)

This Court will not disturb the order of the court below granting a new trial.

The power to grant new trials is one of legal discretion, and the abuse of that discretion only will justify an interference by the appellate court. It is only in rare instances and upon strong grounds that this Court will set aside an order granting a new trial. (*Quinn* v. *Kenyon*, 22 Cal. 82; *Peters* v. *Foss*, 16 Cal. 357; *Drake* v. *Palmer*, 2 Cal. 181; *Watson* v. *McClay*, 4 Cal. 288.)

By the Court, McKINSTRY, J. :

The complaint contains a statement of a cause of action such as would entitle the plaintiff to equitable relief.

We entertain no doubt that the District Court had power to set aside the general verdict and the judgment entered thereon. As the cause was one of equity cognizance, the facts should have been found by the court, or specially by a jury, under an order of the court. The order vacating the verdict and judgment was proper, but we can see no reason why the testimony should be retaken.

That portion of the order appealed from which directs a new trial, reversed; that portion thereof which orders that the verdict and judgment be vacated and set aside, is affirmed. And the District Court is directed, upon the testimony already taken (and upon such other and further testimony, if any, as may be taken, in case the said District Court shall, in its discretion, open the cause for further testimony), to proceed to determine the issues of fact joined herein and to adjudge and decree final judgment in this action.

Mr. Justice CROCKETT did not express an opinion.