Samuel Smith et al. v. J. M. Richardson et al.

SAMUEL SMITH ET AL., RESPONDENTS, *v.* J. M. RICHARD-
SON ET AL., APPELLANTS.

[See same case in 1 Utah, 194 and 245.]

1. FINDINGS OF JURY IN EQUITY CASES.—In an equity case the court
has the power, under our system of practice, to submit special issues to a
jury, and a verdict thereon when rendered is only advisory and not bind-
ing upon the court.

2. FINDINGS OF JURY IN EQUITY CASES.—The relief which a court of
equity affords must be applied by the court itself, and all information
presented to guide its action, whether obtained by the findings of a jury
or otherwise, is merely advisory.

3. FINDINGS OF JURY IN EQUITY CASES.—Under our Practice Act the
power of a court of chancery is the same as under the old equity practice,
and the power to disregard or modify the findings of a jury in an equity
case is inherent in the court, the object of the verdict being not to decide
the issues, but simply to instruct or advise the conscience of the Chan-
cellor.

4. TESTIMONY IN REBUTTAL—WHAT IS.—Rebutting evidence is such as
explains, repels or counteracts evidence that comes out on the defense.
Evidence which mainly supports the case as stated in the complaint, and
only incidentally goes to explain or repel the evidence in behalf of the
defense is not rebutting evidence.

Appeal from the Third Judicial District Court.
The facts are stated in the opinion of the court.

*Bennett & Harkness,* for appellants.
No brief on file.

*Marshall & Royle,* for respondents.
When fraud enters into a cause, either as a ground of com-
plaint or defense, a wide latitude is allowed in the introduction
of evidence either *pro* or *con.* We would call the particular
attention of this court to the wide latitude allowed defendants
in the trial below, and in strong contrast therewith the strict,
iron-clad rule applied to plaintiffs throughout. Although we

deem it almost unnecessary to support the above proposition of law by precedents, yet we will cite the following authorities: *Reinhart* v. *Keenvaltz*, 6 Watts, 93; *Bell* v. *Bed Rock*, 36 Cal. 218; *Wilson* v. *Cleveland*, 30 Cal. 195; *Zacharias* v. *Franklin*, 12 Pet. 163; *Kaufman* v. *Flaar*, 5 Pa. St. 230; Craig's App. 77 Pa. St. 448.

The evidence offered by plaintiffs and excluded was strictly rebutting evidence, and as such was admissible.

Rebutting evidence, says Bouvier, v. 2, p. 424, is that which is given by a party in the cause to explain, repel, counteract or disprove facts given in evidence on the other side. And this exact definition is sustained in Peters Cir. Ct. Rep. 235.

On this question of rebutting evidence we call the attention of the court to the following decisions: *Sample* v. *Robb*, 16 Pa. 320; *Blair* v. *Marks*, 27 Mo. 579; *Dodge* v. *Dunham*, 41 Ind. 192; *Craighed* v. *Wells*, 21 Mo. 404; *Wilson* v. *Jamison*, 7 Barr.

And we are pleased to find that the superior courts distinctly hold that, although the order of the introduction of evidence is largely a matter of discretion, yet, the court ought generally, whenever the ends of justice require it, to admit the testimony. *Lisman* v. *Early*, 15 Cal. 199; *Gelpin* v. *Consequa*, 3 Wash. C. C. 185.

In such a case as the one at bar, under the code, the judge could only enter judgment in accordance with the verdict. The code is explicit on this point, and speaks in no uncertain or doubtful language. Code of Utah, §§ 156, 181, 192 *et seq.*

The mode of obtaining a new trial under the code is the same in equity as at law. Our code has provided the manner of setting aside a verdict, as also findings of a referee or court, and that must be followed. *Duff* v. *Fisher*, 15 Cal. 379; *Allen* v. *Hill*, 16 Cal. 117; *Garwood* v. *Simpson*, 8 Cal. 108; *Peabody* v. *Phelps*, 9 Cal. 213; *Gagleardo* v. *Hoberlin*, 18 Cal. 396; *Bates* v. *Gage*, 49 Cal. 126.

Under the old chancery practice the course would have been different from the one followed in this case, yet even the old

practice was not followed. 2 Daniels' Ch. 1121; *Duvall* v. *Burbridge*, 6 Watts & Ser. 529; 1 Waite's Pr. 463.

But we do not rest here. We respectfully ask the court for a judgment in accordance with the findings of the jury, and cite the following precedents and authorities for this request: Utah Pr. Act, § 337; *Cain Heirs* v. *Young*, 1 Utah, 362; *Gahn* v. *Neville*, 2 Cal. 81; *Bedleman* v. *Kewen*, 2 Cal. 248.

BOREMAN, J., delivered the opinion of the court:

The appellants (defendants below) made their application for patent to the Teresa mine, and respondents filed their adverse claim thereto, alleging their rights thereto under the Richmond mine location; and thereupon, within the time prescribed by law, respondents brought their bill in chancery to quiet title. Issues out of chancery were submitted to a jury, and the jury found for the plaintiffs on all the issues. The court below disregarded the findings of the jury, made other findings, adopting a portion of the findings of the jury, and, on motion, gave judgment for the defendants. The plaintiffs filed their motion for a new trial, which being, by the court, sustained, defendants appeal to this court.

The court below granted a new trial upon two grounds, one being that the court had erred in making new findings and disregarding those of the jury.

The power to disregard or modify the findings of a jury in a chancery cause is inherent in the court, the object of the verdict being not to decide the case, but to instruct or advise the conscience of the chancellor. And this rule is not of modern origin but is hoary with age and plainly laid down and recognized all through the books. 2 Dan. Ch. Pl. & Pr. § 1147; Adam's Eq. side pp. 376–377; 3 Greenl. Ev. § 261 *et seq.;* *Sibert* v. *McAvoy*, 15 Ill. 108; *Ward* v. *Hill*, 4 Gray, 593; *Garsed* v. *Beall*, 2 Otto, 684.

But it is claimed that such a rule does not exist under our code practice. If the Practice Act, therefore, does not do away with this rule, it must be considered as still standing

and in full force. The binding force of the rule has been recognized in California at various times, although the code practice has been in force there during the time of such decisions. *Still* v. *Saunders*, 8 Cal. 281; *Duff* v. *Fisher*, 15 Cal. 375; *Bates* v. *Gage*, 49 Cal. 126; *Van Vleit* v. *Olin*, 4 Nev. 95.

In the case of *Wingate* v. *Ferris*, 50 Cal. 105, the doctrine is fully recognized. That was a case of a general verdict in an equity case. Judgment was entered in accordance with the verdict, and a motion for a new trial made and sustained. The appeal was, as in the case at bar, an appeal from the order sustaining the motion for new trial. The Supreme Court of California in that case overruled so much of the order as granted a new trial, and sustained so much thereof as vacated and set aside the judgment, and it then directed the court below to determine the issues of fact upon testimony already taken, or to open the case for further testimony, as the court below in its discretion might deem proper. It thus approved the action of the court below in setting aside the verdict, but says that instead of granting a new trial the court should have proceeded to make findings of fact.

But our Practice Act goes further than the statutes of California or Nevada, and says: " Chancery cases may be tried by the court, with or without the findings of a jury, upon issues designated by the court." Civ. Pr. Act, § 181. Yet the Supreme Court of the United States, agreeing with the California and Nevada decisions, recognizes the existence of the doctrine that the findings of a jury in chancery cases is merely advisory, even where the broad provision of our statute does not appear to exist. In *Basey* v. *Gallagher*, 20 Wall. 670, a case which went up from Montana, the court says that " the relief which equity affords must still be applied by the court itself, and all information presented to guide its action, whether obtained through masters' reports or findings of a jury is merely advisory."

There is nowhere in the books, so far as we have been shown,

any recognition of the doctrine that this rule respecting the advisory character of the findings of the jury is applicable only in cases where but parts of the issues are submitted to the jury. In the case of *Duff* v. *Fisher*, above referred to, all the issues were submitted, and in the case of *Basey* v. *Gallagher*, the whole case was submitted, without objection from either side.

But if the doctrine were correct it could not affect the case at bar, for here only a portion of the issues were submitted. Other issues were settled by the parties or by the pleadings, and on all of these and the evidence the whole case was passed upon by the court. Because the court, in thus passing upon the whole case, disregarded the findings of the jury is no reason why that action of the court should be disturbed.

The other reason for granting the new trial was that the court had erred in rejecting evidence to show that the location of the Richmond mine was made before the 3d of July, 1870, such evidence being offered in rebuttal after defendants had introduced their testimony.

Rebutting evidence is such as explains or repels, rebuts or counteracts evidence that comes out on the defense. It may incidentally support the case made in the complaint, but that is not rebutting testimony which mainly supports the case stated in the complaint and only incidentally goes to explain or repel the evidence in behalf of the defense.

In the suit before us the defendants deny not only that plaintiffs, or those from whom they receive title, ever made their location of the Richmond on the 26th June, 1870, or at any time prior to the 3d day of July, 1870, but also they allege that plaintiffs' notice of location is trumped up, antedated and fraudulent, and several times altered. They introduced evidence to support this charge of fraud, etc. To repel and counteract the evidence of the defense on this point, the plaintiffs offered evidence claimed to be in rebuttal, and this was rejected.

The material parts of the evidence thus offered had refer-

ence to the delivery of a piece of ore to be assayed; to the exhibiting of ores by the locators of the Richmond mine on the 26th June; to the contents of the writing on the root of a tree subsequent to the 26th June; to the reception of ore from the locators; to seeing the Richmond mine and fitting therein a piece of the rock, and to the fact of the assaying of ore prior to the 3d July, said at the time to have been from the Richmond mine. These material parts of the rebutting testimony are designated in assignments of error Nos. 9, 10, 11, 12, 14, 15, 16, 17, 18, 19 and 20.

None of this evidence would, probably, be admissible if offered in chief to support the case stated in the complaint. They only go to repel and weaken the evidence offered by the defense to support the charge of fraud made in the answer. The matters referred to in evidence, as proposed by the plaintiffs, occurred before the 3d day of July, 1870, and before the defendants had made their location, and before it was known that there would be any conflicting claim; and, if the facts were as claimed, the tendency evidently would have been ·to repel and counteract the effect of the evidence for the defense on the question of fraud. The evidence would no doubt in a slight manner go to support the case of the plaintiffs as made out in the complaint, but this would have been only incidentally. The evidence should have been admitted, but its rejection was such an error as frequently happens in a long, tedious and hotly-contested case. Its rejection, however, may have had a material effect upon the conclusion finally reached, especially when it appears that the weight of evidence admitted before the jury was in favor of the defendants.

The testimony of Morey and Gilman to impeach Davis should also have been admitted, and its rejection was error, as the testimony of Davis justified it. By reason, therefore, of the rejection of this testimony the granting of the motion for a new trial was proper.

The language of the respondents' brief in this case, respecting the judge before whom it was tried, is such as ought never

to find its way into any paper before any court. There is nothing whatever to warrant it. Hereafter we hope that no attorney will so far forget himself as to indulge in such remarks. They are not only unjust to the judge who tried the case, but likewise disrespectful to this court.

The order of the court below granting a new trial is affirmed with costs, and the cause remanded for trial in accordance with this opinion.

SCHAEFFER, C. J., and EMERSON, J., concurred.