## SWEETSER and Others v. DOBBINS.*

### February 28, 1884.

#### 3 Pac. 116.

**Trial.—The Findings of a Jury on Special Issues are Merely Advisory** to the court, and, if adopted, are the findings of the court. If a general verdict be rendered by the jury, the court can set it aside and find the facts and render judgment on the testimony taken, and in case of a general verdict must, notwithstanding the verdict, find the facts.

**Equity—Verdict of Jury Advisory Merely.—In cases** at law the verdict of a jury is final, unless set aside; but in equity it is merely advisory, and may be adopted or not, as the court sees proper.

**Equity—Sufficiency of Evidence.—Where in an Equity Case, if Tried Alone by the Court,** the evidence would be required to be clear

---

*For subsequent opinion in bank, see Sweetser v. Dobbins, 65 Cal. 529, 3 Pac. 116.

and convincing, the same rule must apply to the jury as to evidence submitted to them in the same case. A mere preponderance of testimony will not be sufficient.

**Equity.—There is No Error in Regard to the Admission of the Evidence** herein; and it does not appear that the judge assumed that he was conclusively bound by the verdict of the jury, though he arrived at the same conclusion.

George A. Lamont for appellants (George A. Nourse, of counsel) ; J. McKenna, Wendell & Kelley and A. J. Dobbins for respondent.

MYRICK, J.—The complaint in this case was filed to obtain a decree reforming a deed executed by defendant to plaintiffs' testator, so as to include a tract of land not included therein, and that said tract be conveyed to them in their representative capacity. The plaintiffs alleged that by the agreement of their testator and the defendant the tract was agreed to be embraced in the deed, and was omitted therefrom by the mistake and inadvertence of the scrivener. The defendant denied such agreement and mistake, and alleged that the deed contained all the land which he had agreed to convey. Special issues were submitted to a jury, and the verdict was, in effect, in favor of defendant. The court filed findings as to all the facts in issue, in which, after reciting the fact that a jury had been impaneled to try special issues, and had rendered a verdict, it is stated: "Now, from said verdict and the testimony adduced in said cause, after due consideration, the court finds the following facts," etc. On this appeal points are presented by the plaintiffs, viz.:

1. The court instructed the jury that as to the first issue presented to them (which was merely as to whether the land of defendant was divided into seven or eight parcels) the rule was that a preponderance of evidence should. govern them; but as to the other evidence (which related to the alleged agreement and mistake) a different rule obtains from that in ordinary civil actions; that to establish a mistake in the execution of a written instrument the evidence as to the mistake must be clear and convincing; that the evidence must be more than mere preponderance; it must be clear and convincing.

The plaintiffs allege this instruction to be error; that subdivision 5, section 2061, Code of Civil Procedure, furnishes the rule in all civil cases; that "when the evidence is contradictory the decision must be made according to the preponderance of evidence"; that the instruction gave one rule to one class of civil cases, viz., an action to reform an instrument, and another rule to other civil cases. It was decided by this court in Bates v. Gage, 49 Cal. 126, that the findings of a jury on special issues are merely advisory to the court, and, if adopted by it, are the findings of the court. In Wingate v. Ferris, 50 Cal. 105, it was held that if a general verdict be rendered by the jury, the court can set aside the verdict (without motion for a new trial), and find the facts, and render judgment on the testimony already taken; and in Brandt v. Wheaton, 52 Cal. 430, it was held that in case of general verdict the court must, notwithstanding the verdict, find the facts.

If it be a correct principle that a general verdict may be disregarded by the court, and a decision be rendered by it on the testimony already given, and if a verdict on special issues is merely advisory, to be adopted by the court or not, as it is convinced, how far was it error for the court to instruct the jury as it did, conceding, for the purpose of this case, that the statute above quoted furnishes the rule for all civil cases? The court found all the facts. It found that the agreement alleged in the complaint was not made; it found that the agreement alleged in the answer was made; it found that no parcel of land was omitted, through mistake or inadvertence, to be mentioned or described in the deed; it found that the deed included all the land intended to be conveyed, and correctly expressed the intention of the parties to the same. As above stated, the court said, as preliminary to the facts: "Now, from said verdict, and the testimony adduced in said cause, after due consideration, the court finds," etc. What answer of the jury did the court rely upon and adopt as the basis of its findings, and what finding was based on the determination of the court from the testimony? This does not appear. It does not appear that the court adopted any portion of the verdict, as distinguished from exercising its own judgment. It is true, the court said, "from said verdict"; but it also said, from "the testimony

adduced in said cause, after due consideration, the court finds.''

The court had authority to rely on its own opinion in regard to the weight of evidence, and in doing so it is to be presumed that it was governed by proper and legal rules. According to the section of the code above referred to, the jury is to be instructed by the court, ''on all proper occasions,'' that, when the evidence is contradictory, the decision must be made according to the preponderance of evidence. This evidently refers to all cases where the decision of the jury is final as to facts. In cases at law the decision of the jury is final, unless set aside; but in equity cases it is merely advisory, and may be adopted or not, as the court shall be convinced. If this case had been tried by the court without a jury, there is no doubt that the court would have been governed by the rule that the law presumes the deed to speak the intention of the parties, and, to overcome such presumption, the plaintiffs would have been required to show, by proof clear and convincing, that it did not so speak. It must therefore necessarily follow, in cases where a verdict is but advisory, that the same rule should govern a jury. It cannot be that the legislature intended one rule regarding the weight of evidence to apply to a court and another rule to a jury in arriving at a decision in the same case. The court was not bound to enforce upon the jury a rule which it was not bound in law or in conscience to apply to its own action.

2. It was not error for the court to caution the witness Lamont not to give evidence of facts based on knowledge derived from Pierce (plaintiff's testator) or by hearsay from others; nor to strike out the evidence based thereon already given.

3. The witness Lamont was asked whether or not he would have attached certain property if he had not supposed it was mortgaged, and an objection to the question was sustained. Conceding it to be possible for a person to tell what he would or would not have done regarding a transaction now passed, we do not see that it could have affected the verdict. The matter for consideration was, what did he do—not what he would have done.

4. We see no error in permitting the cross-examination of the witness Lamont to include the original complaint.

5. A witness, Rush, was examined as to a conversation had by him with the defendant. He had not a distinct recollection of what the defendant said, and on cross-examination was asked as to the impression left on his mind from what was said. If the court erred in overruling the objection, the error did appellants no harm, because the answer was favorable to them.

6. The mortgage first executed by the defendant was a portion of the transactions between the parties culminating in the deed in question, and it was admissible in evidence.

7. It was not error to admit Coghlan's testimony as to the data had for drafting the mortgage, made February 1, 1876; nor—

8. To allow Coghlan to testify he had no doubt that he had compared the instrument with the data from which it is drawn.

9. The witness Lamont, called for plaintiffs, had testified as to conversations had by him (on behalf of Pierce) with the defendant, and negotiations between them, and had given his version of those conversations and negotiations. He testified that defendant's only proposition was, "I will give you a deed to the ranch, and you give up all my papers." The defendant, on his own behalf, testified as to an additional offer made by him during those conversations and negotiations. Lamont was called in rebuttal to deny such offer, and an objection thereto was sustained. The witness having already testified as to the conversations, and having stated what was defendant's only proposition, thus saying there was no other, it was doubtless in the discretion of the court to permit or refuse a further examination relating thereto.

10. As to the tenth point, we cannot see that the jury was misled or confused by the nature of the instructions.

11. The appellants complain that the judge of the court below assumed that he was conclusively bound by the verdict of the jury. It does not appear that the judge came to a different conclusion from the testimony than that arrived at by the jury. The judge says: "In this case there is a contradiction of witnesses—as decided a conflict as I have ever seen," but he does not say that he would have decided other than as the jury did; therefore, no error is manifest. In ruling on plaintiff's motion to set aside the verdict and for

judgment, the court said: "I do not see any circumstance in this case by which I feel that I am warranted in setting aside the verdict"; thus, in effect, expressing his view of the evidence.

12. The court found that defendant was not in embarrassed circumstances, pecuniarily. Objection is made that this finding is not sustained by the evidence. Granting that it is not sustained, yet, as a fact to be found, it was an immaterial matter. Proof of his pecuniary circumstances may have had some bearing on the case as evidence, but it was not an ultimate fact. The ultimate facts were whether or not the parties had agreed that the omitted tract should be included in the deed, and whether the omission was by mistake.

Judgment and order affirmed.

We concur: Sharpstein, J.; Thornton, J.