[Civ. No. 1792.    Third Appellate District.—March 4, 1918.]

## A. P. HOTALING & CO., Respondent, v. L. HAMILTON, Appellant.

CONTRACT—ASSIGNMENT FOR BENEFIT OF CREDITORS—ACTION FOR BREACH—PROTECTION AGAINST ACTIONS BY OTHER CREDITORS—FINDINGS AND JUDGMENT—RIGHT OF DEFENDANT.—In an action by one creditor against another creditor for damages for violation of an agreement by the terms of which the debtor's property was assigned to the defendant in trust for the benefit of all the creditors, the defendant, to be protected against personal actions against him by creditors other than the plaintiff for damages for a violation of the trust agreement, is, notwithstanding that the action purports to be one in law for damages, entitled not only to an accounting of the trust property and funds, but also entitled to clear and specific findings, and a judgment based thereon adjudicating the respective rights of all the creditors.

APPEAL from a judgment of the Superior Court of Siskiyou County. James F. Lodge, Judge.

The facts are stated in the opinion of the court.

Mason I. Bailey, and Taylor & Tebbe, for Appellant.

Samuel T. Bush, and B. K. Collier, for Respondent.

HART, J.—The action is for damages for the breach of a certain written agreement entered into and executed by the parties hereto.

The complaint alleges that, prior to the eighteenth day of July, 1914, one R. F. Crist owned, operated, and conducted a saloon and retail liquor business in the town of Dunsmuir, Siskiyou County; that said Crist was indebted to the plaintiff and to numerous other creditors for goods, wares, and merchandise sold and delivered to him by said creditors; that said Crist was then and there unable to pay said indebtedness, and that "all of said indebtedness is still unpaid; that at the suggestion and by and with the consent of this defendant and this plaintiff, the said Crist, on or about said eighteenth day of July, 1914, transferred, assigned, and conveyed to the defendant all his rights, title, and interest in and to the said business and all the property of any kind connected with and appertaining thereto, including the saloon license granted by the town of Dunsmuir," in trust for the benefit of all of said creditors, with the understanding and agreement then and there expressly made and had between said Crist and this plaintiff and defendant that the said transfer, assignment, and conveyance was made and executed upon condition that the said defendant should occupy and conduct said business and conserve the assets thereof for the joint benefit of all of said creditors and distribute the net proceeds and profits realized therefrom *pro rata* to all said creditors"; that, on said eighteenth day of July, 1914, the defendant entered into and took possession of all of said property under said agreement and upon the terms and conditions therein specified, and remained and continued in possession thereof thereunder until some time in the month of December, 1914, when he, without the consent or the permission of the plaintiff or any of the other aforesaid creditors, transferred and conveyed all right, title, and interest in and to said business, including the town license to conduct the same, to one Toleman, "who ever since has been and is now in possession thereof and who ever since and now claims to be the owner thereof." It is further alleged that the said saloon business and all the property appertaining thereto, including the said saloon license, were at all times mentioned in the complaint and are actually and reasonably worth the sum of $2,750; that the defendant failed to exercise due and reasonable diligence in the performance of the terms of the said agreement, "and that if defendant had done so he could have sold said saloon and saloon property and license while it was

in his possession as trustee as aforesaid for the sum of $2,750''; that defendant "willfully, wrongfully, carelessly, and negligently failed and refused to operate, conduct, conserve, or dispose of said saloon in a business-like, diligent, or proper manner, and in violation of said agreement . . . transferred and surrendered said saloon and all property . . . and delivered possession thereof to the said Toleman for some unknown consideration,'' thus allowing and permitting said business and all property connected therewith and the proceeds thereof to become wholly lost, to the damage of said plaintiff and all other creditors of the said Crist in the sum of $2,750. The complaint proceeds to say that, within the state of California, there are numerous creditors of said Crist, the exact number of whom or the amount of their respective claims the plaintiff was at the time of the commencement of this action unable to ascertain, but that the plaintiff is informed and believes, and therefore alleges, that said claims exceed in the aggregate the sum of $2,750, and that each and all of said creditors have a common and general interest with the plaintiff in the outcome of this action, and that the action is commenced, maintained, and prosecuted on behalf and for the benefit of all of said creditors in common with the plaintiff, as provided by section 382 of the Code of Civil Procedure; "that it is impracticable to bring all of the said interested parties before this court, and that this plaintiff does hereby consent to the intervention in this action of said creditors at any time that the court may grant them leave to intervene, and does hereby agree to *pro rate* to and with all of said creditors in a lawful manner the proceeds of any judgment obtained herein.''

The prayer of the complaint is for "judgment against said defendant in the sum of $2,750 damages,'' with legal interest and costs.

A demurrer on general and special grounds was interposed to the complaint, and the same being overruled, the defendant met the issues submitted by the plaintiff by specifically denying the vital averments of the complaint.

The cause was tried before a jury and a verdict returned in favor of the plaintiff in the sum of $950. Judgment was entered accordingly.

This appeal is by the defendant from said judgment.

The action proceeds upon the theory that defendant was the trustee for the creditors of Crist; that the sale to Toleman was without the consent or permission or knowledge of the plaintiff or other creditors, and that the sum received by defendant from Toleman was greatly below the value of the property. The plaintiff contends that as to the remedy, it had the right to elect between an action for an accounting in equity of the trust property and the proceeds derived therefrom and therefor and an action in tort for a wrongful breach of the trust agreement, and selected the latter remedy.

Appellant contends: 1. That the case is essentially one in equity, that the verdict of the jury was advisory only, and that the court should have found the facts; 2. That the evidence was insufficient to justify the verdict, the amount found by the jury as the value of the property being excessive.

The evidence discloses that for several years prior to the fourteenth day of July, 1914, said Crist owned and operated the saloon property and business in question; that, on that date, being unable to meet an indebtedness of approximately four thousand dollars which he had incurred in the operation of said business, he sold the same, together with the stock of liquors and cigars then on hand and the fixtures, to the defendant, giving the latter a bill of sale as evidence of the transfer; that, on the eighteenth day of July, 1914, one Rafferty, a representative of the plaintiff, having previously learned of said transfer, went to Dunsmuir and called upon the defendant and said to him that the plaintiff, to which Crist was indebted in a large sum of money, would not stand for the transfer of the saloon by Crist to him, and, after considerable conversation about the matter, the two men (Rafferty and the defendant) agreed to the proposition embraced within the written agreement upon which this action is founded. The evidence further shows that Crist was, at the time said agreement was made and executed, indebted to the defendant in the sum of about eight hundred dollars and to the plaintiff in the sum of one thousand two hundred dollars.

Crist testified that he was indebted to his several creditors in a sum amounting near to four thousand dollars. A Mr. Diggles, a wholesale liquor dealer, testified that Crist was indebted to him for liquors in the sum of $32.50. There was no testimony showing who the other creditors, if any, were

or how much he owed to persons other than the plaintiff, the defendant, and Diggles.

The defendant testified that the business, while under his management, did not pay or return any profits, and that, as a matter of fact, during said time he paid out more than he took in by the sum of $141.30. This testimony was not contradicted, except in the testimony of Attorney Bailey, of Dunsmuir, to whom it was agreed that all profits received by the defendant from the business should be turned over and by him distributed *pro rata* to the creditors, who testified that in one of the months during which the saloon was managed by Hamilton under the trust agreement the latter turned in to him $102 as profits from the business.

The transaction culminating in the agreement, while not strictly a technical assignment by Crist for the benefit of his creditors, amounted in practical effect to the same thing. But whether it was or not, the agreement nevertheless purports to be for the benefit of all the creditors of Crist, and the complaint, as we have shown, proceeds upon that theory.

That there were other creditors than the plaintiff, the defendant, and Diggles, is made manifest by the fact that, whereas the combined claims of these persons against Crist is or was approximately $2,032.50 only, the aggregate indebtedness of Crist was approximately four thousand dollars. Both the complaint and the evidence show this to be so. There is no showing either in the complaint or by the proofs that the creditors other than the plaintiff and the defendant knew anything about or consented to or bound themselves by the agreement which is the basis of this action or by any judgment that might be obtained herein. The defendant, to be protected against personal actions against him by creditors other than the plaintiff for damages for a violation of the trust agreement, was, notwithstanding that the action purports to be one in law for damages, entitled not only to an accounting of the trust property and funds, but also entitled to clear and specific findings of the facts by the court or by the jury under the order or direction of the court, and a judgment based upon those findings involving an adjudication of the respective rights of all the creditors of Crist. The general verdict and the judgment thereupon entered are uncertain as to many important facts essentially arising under the issues as made by the pleadings. It cannot be determined

either from the verdict or the judgment who the creditors of Crist are or who are entitled to partake of the fruits of the judgment and to what extent.   Then the further question arises, What is the effect or full scope of the judgment?   Does it end or extinguish the trust so as to protect the defendant against the effect of actions by other creditors than the plaintiff for damages for breach of the trust agreement?   These and a number of other matters which could be suggested are of vital importance to the defendant, and, whether the action be one at law or in equity, it should have been disposed of by special and distinct findings either by the court or by the jury under the order or direction of the court.   We are of the opinion, however, that, although the plaintiff seeks relief by way of compensatory damages, the peculiar nature of the transaction on which the action is based and the averments of the complaint bring the action within the cognizance of equity, since an accounting was necessary to arrive at a just determination of the rights of the respective beneficiaries and that special findings and conclusions of law were necessary to a specific and definite adjudication thereof.   (See *Wingate* v. *Ferris*, 50 Cal. 105.)   At all events, as above stated, the general verdict is not determinative of the issues as made by the pleadings and developed by the evidence, and the judgment is, therefore, without sufficient support.

In view of the conclusion thus reached, the point that the evidence is insufficient to support the verdict, while possessing much force, need not be considered here.

The judgment is reversed.

Chipman, P. J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court May 3, 1918.